UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANJING MIGRATORY BIRD APPAREL CO., LTD., DOING BUSINESS AS YANIBEST, <br> Plaintiff, <br><br> v. <br><br> MIHELCA KOLARIC AND GOLDEN STAR BEAUTY, <br> Defendants. | Case No. <br><br> Complaint for Declaratory Judgment <br><br> Demand for Jury Trial |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Nanjing Migratory Bird Apparel Co., Ltd., d/b/a as Yanibest ("Yanibest" or "Plaintiff") alleges as follows for its Complaint for Declaratory Judgment against Defendants Mihelca Kolaric and Golden Star Beauty ("Defendants").

## NATURE OF THE ACTION

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201–2202 and the patent laws of the United States, 35 U.S.C. § 1 et seq. Plaintiff seeks a judgment declaring that it has not infringed U.S. Design Patent No. D1,080,150 ("the '150 Patent") and that the '150 Patent is invalid.

2. The action arises from Defendants' repeated design patent infringement complaints to Amazon.com targeting Plaintiff's satin hair bonnet products, including products that were publicly listed and sold before the priority date of the '150 Patent. These complaints caused Amazon to remove multiple high-ranking product listings, including Plaintiff's number one best-selling hair bonnet on Amazon, resulting in significant lost sales, canceled promotions, and reputational harm.

3. Defendants' conduct was part of a pattern of commercial pressure in which they simultaneously sought to sell the '150 Patent and its European counterpart to Plaintiff while continuing to file sequential complaints to keep Plaintiff's listings offline.

4. Plaintiff also seeks damages and injunctive relief for Defendants' tortious interference with its business relationships and expectancies, which were disrupted by Defendants' knowingly unfounded enforcement actions.

## PARTIES

5. Nanjing Migratory Bird Apparel Co., Ltd. d/b/a as Yanibest is a limited liability corporation and existing under the laws of the People's Republic of China. Its principal place of business is at Room 729, building 4, District 8, Xuri Love City, no. 12, Shuanglong North Road, Jiangbei New District, Nanjing.

6. On information and belief, Defendant Mihelca Kolaric is an individual residing in Maribor, Slovenia, and is the owner of U.S. Design Patent No. D1,080,150.

7. Defendant Golden Star Beauty, which on information and belief is a trade name used by Defendant Mihelca Kolaric, purports to operate as a Florida business with a mailing address of 2637 Atlantic Boulevard, Pompano Beach, Florida 33062. Public records, however, show no entity by that name registered with the Florida Department of State, and the listed address does not appear to correspond to any active place of business of the Defendant.

## JURISDICTION AND VENUE

8. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the patent laws of the United States, 35 U.S.C. §§ 1–390.

9. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) (civil actions relating to patents), and 2201(a) (declaratory judgment).

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District. Defendants' enforcement actions were intentionally directed at Plaintiff's Amazon.com product listings, which were accessible and marketed to customers in this District, and caused foreseeable harm to Plaintiff's sales and goodwill here. This case is not a patent infringement action, and venue is therefore not governed by 28 U.S.C. § 1400(b).

11. This Court has specific personal jurisdiction over Defendants because they purposefully directed their enforcement activities toward Illinois and the United States, and this action arises directly from those activities. Defendants submitted repeated patent infringement complaints to Amazon.com accusing Plaintiff's products of infringing U.S. Design Patent No. D1,080,150. Amazon's resulting takedowns of Plaintiff's listings foreseeably caused loss of sales and harm to Plaintiff's business reputation in this District, where Plaintiff's products were actively marketed and sold to customers.

12. On information and belief, Defendants also sell in Illinois products they contend are covered by U.S. Design Patent No. D1,080,150. By offering and selling the patented hat to Illinois consumers, Defendants have further availed themselves of the Illinois market in connection with the same patent they assert against Plaintiff.

13. Defendants' conduct was not limited to sending correspondence to Plaintiff. By invoking Amazon's enforcement process to remove Plaintiff's product listings nationwide,

including in Illinois, and by simultaneously selling the patented hat in Illinois, Defendants intentionally disrupted Plaintiff's business relationships and caused injury in this forum.

14. On information and belief, Defendant Golden Star Beauty purports to be a Florida business but is not registered with the Florida Department of State. The Florida mailing address it provides corresponds to a commercial mailbox service operated by Parcels Plus, a business unaffiliated with Defendants, and does not appear to be a location where Defendants maintain any active place of business. Defendant Mihelca Kolaric is domiciled in Slovenia, but nonetheless directed the above enforcement actions and Illinois sales with knowledge that they would cause harm in Illinois.

15. An actual case or controversy exists within the meaning of 28 U.S.C. § 2201 because Defendants' enforcement actions have caused the removal of Plaintiff's product listings from Amazon.com, preventing Plaintiff from selling those products in the United States and causing substantial and ongoing harm to Plaintiff's business.

**THE PATENT IN SUIT**

16. On information and belief, U.S. Design Patent No. D1,080,150 ("the '150 Patent") entitled Hair Bonnet issued on June 24, 2025, to Mihelca Kolaric, who is identified as both the applicant and the inventor. The '150 Patent claims an ornamental design for a hair bonnet as shown and described in its drawings. A true and correct copy of the '150 Patent is attached as Exhibit A.

**BACKGROUND AND DEFENDANT'S CONDUCT**

17. In July 2025, Defendant Mihelca Kolaric initiated a series of design patent infringement complaints with Amazon.com against Yanibest's satin hair bonnet products. Each complaint identified U.S. Design Patent No. D1,080,150, listed "Owner of U.S. Design

Patent D1080150" as the complainant, and provided the email address mihaela@goldenstarbeauty.com. Kolaric is identified on the face of the '150 Patent as the sole inventor and owner.

18. During this same period, while multiple takedown complaints were pending, Kolaric contacted Yanibest directly to solicit the sale of the '150 Patent and its European counterpart. In multiple emails, she claimed that Yanibest's products incorporated her patented design and that acquiring the patent would allow Yanibest to exclude competitors from the market. She proposed a purchase price and emphasized the potential competitive advantages of ownership. True and correct copies of the July 2025 email correspondence between Plaintiff and Defendant regarding offers to sell the '150 Patent are attached as Exhibit D.

19. Defendants' repeated and unfounded infringement complaints threaten the continued viability of Yanibest's Amazon seller account. Each complaint results in immediate delisting of one or more top-selling products, removal from Amazon search results, and loss of Buy Box placement. On Amazon.com, the "Buy Box" is the default purchase option shown on a product page; customers who click "Add to Cart" or "Buy Now" purchase from the seller holding the Buy Box by default, and loss of this placement typically causes a dramatic decline in sales. Amazon's enforcement process allows rights owners to submit additional complaints at any time, and Defendants' past pattern of sequential filings demonstrates a substantial likelihood that they will continue to assert the '150 Patent against additional Yanibest listings unless restrained by this Court. Because Amazon's search rankings and product visibility are algorithm-driven, even short-term delistings cause lasting loss of ranking position, customer trust, and sales momentum that cannot be recovered by later reinstatement or monetary compensation.

## PATTERN OF CONDUCT

20. The timing and manner of Defendant's actions reflect a deliberate pattern of applying commercial pressure on Yanibest. While repeatedly initiating Amazon takedown complaints against different ASINs for the same product design, Kolaric simultaneously approached Yanibest with offers to sell the '150 Patent and its European counterpart. This combination of repeated enforcement actions which led to a temporary loss of sales, canceled promotions, and reputational harm, together with concurrent solicitations to purchase the patent, created an ongoing and coercive business environment. On information and belief, the sequential targeting of different ASINs was calculated to maximize disruption while avoiding Amazon's restrictions on refiling complaints against reinstated listings, thereby prolonging the adverse impact on Yanibest's operations.

21. Yanibest's satin hair bonnets, including the accused ASINs, are among the highest-ranked products in the "hair bonnet" category on Amazon.com and include the number one best-selling hair bonnet on the platform. The removal of these listings therefore caused immediate and significant sales losses and market disruption.

## INFRINGEMENT ALLEGATION AND AMAZON DELISTING

22. Over a short period in July 2025, Amazon.com sent multiple notices to Yanibest that certain of its product listings had been removed following design patent infringement complaints submitted by Kolaric. The removed listings included various color variations of Yanibest's satin hair bonnet products, such as ASINs B0BLX9Z1HV, B0C4KT26VR, B0BLXH1KGK, B0BLXZ4YBJ, B0BY1WBRRX, B0BLXLHVCY, B0BY1X5FV6, B0BLYFFMSV, B0BY1YXCRD, B0BLXTPFRL, B09W34VJMH, and B0DP6T6NZ9 ("Accused Products"). True and correct copies of Amazon's delisting notices are attached as

Exhibit B. True and correct copies of Amazon's reinstatement notices are attached as Exhibit C.

23. The complaints were filed sequentially, with each one targeting a different ASIN. On information and belief, this approach was intended to circumvent Amazon's practice of refusing duplicate infringement complaints against an ASIN that has already been reinstated following a successful appeal. By rotating the targeted ASINs, Kolaric was able to trigger repeated removals and maintain pressure on Yanibest without having later complaints automatically disregarded.

## **NON-INFRINGEMENT AND INVALIDITY**

24. Yanibest's satin hair bonnet products do not infringe U.S. Design Patent No. D1,080,150 because their overall appearance differs significantly from the claimed ornamental design. Among other differences, the claimed design depicts a bonnet with a distinctive rear circular opening, whereas the Accused Products have a fully enclosed rear panel without any such opening. These differences are plainly visible to an ordinary observer and create a substantially different overall visual impression.

25. At least two of the Accused Products that Defendants reported to Amazon were publicly listed and sold well before the December 10, 2022 priority date of the '150 Patent. As shown in Yanibest's Amazon appeal materials, ASIN B09W34VJMH was first listed on March 21, 2022, with confirmed sales beginning April 6, 2022. ASIN B0BLXZ4YBJ was first listed on November 9, 2022, with confirmed sales beginning November 26, 2022. Both ASINs are among those identified in Defendants' infringement complaints to Amazon.

26. Public sales of these products before the priority date constitute prior art under 35 U.S.C. § 102 and bar any finding of infringement as to those products. By targeting pre-

priority listings in their Amazon complaints, Defendants asserted infringement claims that could not succeed as a matter of law. The pre-priority listing and sales of ASINs B09W34VJMH and B0BLXZ4YBJ also independently anticipate the claimed design and render the '150 Patent invalid.

27. In addition, long before the filing of the '150 Patent, substantially similar satin bonnet designs were offered by multiple other sellers on Amazon and other platforms, with some listings dating back to 2020. These earlier designs further support invalidity on the grounds of lack of novelty and obviousness.

## COUNT I: NONINFRINGEMENT

28. Plaintiff repeats and realleges the allegations of paragraphs 1 through 27 as though fully set forth herein.

29. An actual and justiciable controversy exists between Plaintiff and Defendants concerning whether Plaintiff's satin hair bonnet products infringe U.S. Design Patent No. D1,080,150 ("the '150 Patent"). Defendants have alleged, including in repeated complaints to Amazon.com, that certain of Plaintiff's products infringe the '150 Patent, resulting in removal of Plaintiff's product listings and loss of sales.

30. Plaintiff has not infringed and does not infringe the '150 Patent.

31. The overall visual appearance of Plaintiff's products differs substantially from the claimed ornamental design of the '150 Patent. Among other differences, the '150 Patent claims a bonnet having a distinctive rear circular opening, whereas Plaintiff's accused products have a fully enclosed rear panel without any such opening. These and other differences are apparent to an ordinary observer and result in a substantially different overall visual impression.

32. At least two of the Accused Products that Defendants identified in their Amazon complaints, ASINs B09W34VJMH and B0BLXZ4YBJ, were publicly listed and sold before the December 10, 2022 priority date of the '150 Patent. Because a patented design cannot be infringed by a product that predates the patent's existence, Defendants' claims of infringement as to these products fail as a matter of law.

33. Plaintiff has not made, used, offered for sale, sold, or imported into the United States any product that infringes any valid claim of the '150 Patent.

34. A judicial declaration is necessary to resolve the parties' dispute and to protect Plaintiff from continuing injury resulting from Defendants' unfounded infringement allegations.

## COUNT II: INVALIDITY

35. Plaintiff repeats and realleges the allegations of paragraphs 1 through 34 as though fully set forth herein.

36. An actual and justiciable controversy exists between Plaintiff and Defendants concerning the validity of U.S. Design Patent No. D1,080,150 ("the '150 Patent"). Defendants have asserted that Plaintiff's products infringe the '150 Patent and have caused the removal of Plaintiff's product listings from Amazon.com based on those assertions.

37. The '150 Patent is invalid under one or more provisions of Title 35 of the United States Code, including 35 U.S.C. §§ 102 and 103, for failure to meet the requirements of novelty and non-obviousness.

38. At least two of the Accused Products that Defendants identified in their Amazon complaints, ASINs B09W34VJMH and B0BLXZ4YBJ, were publicly listed and sold before

the December 10, 2022 priority date of the '150 Patent. These pre-priority public sales constitute prior art that anticipates the claimed design under 35 U.S.C. § 102.

39. Prior to the priority date of the '150 Patent, substantially similar satin bonnet designs were also publicly available from multiple other sellers on Amazon and other platforms, including products first offered as early as 2020. These prior designs, individually and in combination, render the '150 Patent invalid for lack of novelty or as obvious under 35 U.S.C. § 103.

40. The '150 Patent is also invalid under 35 U.S.C. § 171 for failure to claim an ornamental design that is new, original, and ornamental. The claimed design is dictated primarily by functional considerations, including the bonnet's overall shape and construction for intended use, rather than by any ornamental features.

41. A judicial declaration is necessary to resolve the parties' dispute and to protect Plaintiff from continuing injury resulting from Defendants' assertion of an invalid patent.

## **COUNT III: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS (State Law)**

42. Plaintiff repeats and realleges the allegations of paragraphs 1 through 42 as though fully set forth herein. This is a supplemental state-law claim for tortious interference with business relations, brought under the laws of the State of Illinois (or other applicable state law), over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because it forms part of the same case or controversy as the federal patent-related claims.

43. Plaintiff's best-selling product, ASIN B0BLXZ4YBJ, is the number one hair bonnet on Amazon.com, generating substantial daily sales volume and customer engagement.

Defendants knew or should have known that targeting Plaintiff's top-selling listing would inflict maximum economic harm.

44. Plaintiff has valid business relationships and expectancies with its customers who purchase Plaintiff's products through Amazon.com and other sales channels.

45. Defendants knew of these business relationships and expectancies, including the fact that Amazon.com is a key sales platform for Plaintiff's products.

46. Defendants intentionally and unjustifiably interfered with these relationships and expectancies by submitting repeated design patent infringement complaints to Amazon.com that they knew or should have known were unfounded.

47. Defendants' complaints resulted in Amazon.com removing Plaintiff's product listings from sale, which disrupted Plaintiff's ability to sell to existing customers and to prospective customers, and caused loss of sales, canceled promotions, stranded inventory, and harm to Plaintiff's reputation.

48. Defendants acted with the purpose of harming Plaintiff's business and with the ulterior motive of pressuring Plaintiff to purchase the '150 Patent and its European counterpart from Defendants.

49. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proven at trial, including lost profits, loss of goodwill, and other economic harm.

50. Unless enjoined, Defendants will continue to interfere with Plaintiff's business relationships by submitting unfounded infringement complaints to Amazon.com and other marketplaces, causing further loss of sales, damage to goodwill, and disruption of Plaintiff's operations. Plaintiff is therefore entitled to damages, as well as temporary, preliminary, and

permanent injunctive relief prohibiting Defendants, and all persons acting in concert with them, from making any further infringement allegations regarding Plaintiff's products pending resolution of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nanjing Migratory Bird Apparel Co., Ltd., doing business as Yanibest, respectfully requests that the Court enter judgment in its favor and against Defendants Mihelca Kolaric and Golden Star Beauty, and award the following relief:

A. A declaration that Plaintiff has not infringed and does not infringe U.S. Design Patent No. D1,080,150;

B. A declaration that U.S. Design Patent No. D1,080,150 is invalid under one or more provisions of Title 35 of the United States Code;

C. A temporary restraining order and preliminary injunction prohibiting Defendants, and all persons in active concert or participation with them, from making any further infringement allegations against Plaintiff's products to Amazon.com or any other third party, pending resolution of this action;

D. A permanent injunction prohibiting Defendants, and all persons in active concert or participation with them, from making any further infringement allegations against Plaintiff's products to Amazon.com or any other third party, including but not limited to any statements asserting that Plaintiff's products infringe U.S. Design Patent No. D1,080,150;

E. An award of compensatory damages in an amount to be determined at trial for Defendants' tortious interference with Plaintiff's business relationships and expectancies;

F. An award of punitive damages as permitted by law;

G. An award of Plaintiff's costs, expenses, and reasonable attorneys' fees pursuant to 35

U.S.C. § 285, 815 ILCS 505/10a(c), and any other applicable statute or rule; and

H. Such other and further relief as the Court deems just and proper.

Dated: August 8, 2025

Respectfully Submitted,
By: /s/ Benjamin Solter
Benjamin Solter
Cross-Border Counselor LLP
7755 Center Ave., Suite 1100
Huntington Beach, CA 92647
Direct Telephone No.: (781) 752-6369
bsolter@cbcounselor.com